United States District Court
District of Massachusetts

| | |
|---|---|
| THOMAS DAHLBECK et al., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | 13-12672-NMG |
| THE BANK OF NEW YORK MELLON et al., ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiffs Thomas and April Dahlbeck ("plaintiffs") bring this suit to prevent foreclosure on their home in Attleboro, Massachusetts. Plaintiffs bring suit against Bank of New York Mellon ("BNY Mellon") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "defendants"), alleging that MERS lacked the authority to foreclose and that defendants failed to provide required pre-foreclosure notices and reasonable foreclosure alternatives. Pending before the Court is defendants' motion to dismiss the complaint for failure to state a claim. For the reasons that follow, the Court will allow the motion to dismiss.

I. **Background**

In August, 2005, plaintiffs refinanced a preexisting mortgage loan and obtained a new mortgage loan ("the Loan") from

-1-

Countrywide Home Loans, Inc. ("Countrywide") in the amount of $215,000. In exchange for the Loan, plaintiffs executed a promissory note ("the Note") for Countrywide and its successor note holders, secured by a mortgage lien ("the Mortgage") on plaintiffs' home located in Attleboro, Massachusetts ("the Property").

The Mortgage stated that

> MERS is a separate corporation that is acting solely as a nominee for [Countrywide] and [its] successors and assignees. MERS is the mortgagee under this Security Instrument.

The Mortgage also noted that plaintiffs

> hereby mortgage, grant and convey to MERS (solely as nominee for [Countrywide] and [its] successors and assigns) and to the successors and assigns of MERS, with power of sale, the [property].

Plaintiffs defaulted on their loan payments in December, 2007, but were able to catch up with their payments in February, 2011. By October, 2011, however, plaintiffs were once again in default. On August 3, 2011, MERS assigned the mortgage to BNY Mellon and Countrywide assigned the Note to BNY Mellon via an endorsement in blank, entitling the bearer to enforce it. Thereafter, BNY Mellon apparently began foreclosure proceedings on the Property, although the record does not indicate the precise date.

In October, 2013, plaintiffs filed a complaint against defendants, alleging five separate counts: declaratory judgment

that defendants did not have legal authority to foreclose on plaintiffs' property (Count I); breach of contract by defendants for failing to give notice as required under the terms of the Mortgage (Count II); breach of the duty of good faith and fair dealing by defendants (Count III); statutory violation by defendants for foreclosing on plaintiffs' property in violation of 209 C.M.R. 56.00 (Count IV); and statutory violation by defendants for denying plaintiffs a good faith opportunity to avoid foreclosure of their home in violation of Mass. Gen. Laws. c. 244, § 35A (Count V).

On November 25, 2013, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

## II. Defendants' Motion to Dismiss

In the main, plaintiffs claim that defendants instituted foreclosure proceedings on their home without holding the mortgage note and without proper notice, as required by Massachusetts law. Defendants respond that they were authorized to foreclose and that they provided proper notice before foreclosure.

### A. Motion to Dismiss under 12(b)(6)

To survive a 12(b)(6) motion to dismiss, a pleading must "state a claim to relief that is plausible on its face," not just a "sheer possibility that a defendant has acted

unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A district court assesses "the sufficiency of the complaint's factual allegations in two steps." Manning v. Boston Medical Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). First, a court ignores conclusory allegations mirroring legal standards. Id. Second, it accepts the remaining factual allegations as true and draws all reasonable inferences in the plaintiff's favor, thereafter deciding if the plaintiff would be entitled to relief. Id.

### B. Count I: Defendants' Legal Authority to Foreclose

#### 1. Legal Standard

While only a mortgagee may foreclose on a property, if a foreclosing entity cannot prove its status as a mortgagee, then any foreclosure carried out pursuant to that authority is void. U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E. 2d 40, 50 (Mass. 2011). In such cases, a party has standing to challenge whether the assignments of its mortgage were legally valid. See Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013) (citing Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 290 (1st Cir. 2013)).

The First Circuit has held that the "MERS model," in which MERS, as a lender's nominee, holds only a legal interest in the property while the lender holds the underlying note, "fit[s] comfortably within the structure of Massachusetts mortgage law."

Culhane, 708 F.3d at 291-93. Nonetheless, Massachusetts law requires that a foreclosing entity possess both the note and mortgage. Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1129-1130 (Mass. 2012). However, "[w]here the note and mortgage are unified at the time of foreclosure," the court's inquiry is complete. Woods, 733 F.3d at 356 (citing Eaton, 969 N.E.2d at 1129-1130).

### 2. Application

Plaintiffs argue that Countrywide, as the lender, was the only party with legal authority and standing to make a valid assignment of plaintiffs' property and, therefore, MERS's assignment to BNY Mellon is invalid. This contention, however, is refuted by clear precedent from the First Circuit and by the facts of this case.

Here, while the Note and the Mortgage were split initially between MERS and Countrywide, both MERS and Countrywide transferred their respective interests in the property to BNY Mellon prior to foreclosure. The Mortgage explicitly granted MERS, as Countrywide's nominee, the "power of sale." See Woods, 733 F.3d at 355 (finding that MERS, as a nominee with the "power of sale," held title for the owner of the beneficial interest and was authorized by the contract to transfer the underlying mortgage). Indeed, MERS' status as mortgagee is clear and it was authorized to assign the Mortgage. See Culhane, 708 F.3d at

292 (noting that even if a note and mortgage are owned separately, the mortgagee may nonetheless transfer its legal interest in the underlying mortgage).

Therefore, MERS was authorized to assign its interest to BNY Mellon and the Note and Mortgage were "unified at the time of foreclosure." See Woods, 733 F.3d at 356. Accordingly, defendants had legal authority to foreclose on plaintiffs' property.

C.   **Count II: Breach of Contract**

Plaintiffs allege that defendants breached the Mortgage agreement by failing to provide plaintiffs "sufficient and timely notice as required under the terms of the alleged mortgage in this matter."

Plaintiffs' argument seems to be that defendants did not provide them with the notice required under the terms of the mortgage because, while the mortgagee may provide such notice, it is invalid if provided by a mortgage servicer, as was done here. Therefore, according to plaintiffs, the cure notices provided by Bank of America, defendants' mortgage servicer, failed to comply with Mass. Gen. Laws c. 244, § 35A, which requires that "written notice [be] given by the mortgagee to the mortgagor." This discrepancy, according to plaintiffs, renders defective any notice provided by defendants.

Defendants respond that the precise identity of the entity that sends such notices is immaterial and that the notices were sent by BNY Mellon's mortgage servicer, Bank of America, N.A.

Defendants are correct. Although there appears to exist some disagreement with respect to whether a mortgage servicer qualifies as a mortgagee so as to be authorized to provide notice of a foreclosure, see Larivaux v. Bank of America, N.A., No. 12-11172-FDS, 2013 WL 6146069, at *4 (D. Mass. Nov. 20, 2013), this Court agrees with the conclusions of other district judges of this Court that including mortgage servicers within the definition of mortgagee "avoids a hyper-technical reading of the statute and also comports with common sense." Id. at 5 ("Institutional mortgage lenders – like all non-human entities – necessarily act through agents.").

Plaintiffs do not explain how a purported breach of the terms of the Mortgage can arise where the duty to provide sufficient and timely notice of foreclosure emanates from a statute. Indeed, other than disputing the validity of the entity providing notice, plaintiffs' complaint is devoid of any detail with respect to the form of the notice given. Accordingly, at this juncture, plaintiffs' complaint does not state a claim upon which relief can be granted and Count II will be dismissed without prejudice.

### D. Count III: Breach of Duty of Good Faith and Fair Dealing

Plaintiffs allege that defendants entered into a contractual relationship with them but then acted against the implied covenant not to do

> anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

Plaintiffs' allegations are, however, again devoid of specifics. Therefore, for substantially the same reasons as stated with respect to Count II, Count III will be dismissed without prejudice.

### E. Counts IV & V: Violation of 209 CMR 56.00 and Mass. Gen. Laws c. 244, § 35A

Plaintiffs' final argument is that defendants violated 209 CMR 56.00, a series of regulations authored by the Massachusetts Division of Banks and issued pursuant to Mass. Gen. Laws c. 244, § 35A. In addition to repeating the violations alleged in Counts I, II and III, plaintiffs claim that defendants did not provide them, as required, with "available options to prevent and avoid unnecessary foreclosures." Specifically, plaintiffs argue that defendants "violated their rights by failing to engage plaintiffs for a mortgage modification, in violation of Massachusetts law."

Once again, however, plaintiffs' claims lack specifics. Although the Court notes that defendants assume that plaintiffs'

allegations in Counts IV and V are pled "only as a basis for derivative liability" under Chapter 93A, regardless of the precise claim at issue, plaintiffs' allegations fall far short of stating a claim upon which relief can be granted. Therefore, Counts IV and V will be dismissed without prejudice.

### ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 8) is allowed. Plaintiffs' complaint is, with respect to Count I, **DISMISSED with prejudice** but is, with respect to Counts II, III, IV and V, **DISMISSED without prejudice**. If plaintiffs choose to proceed, they are directed to file an amended complaint alleging specific facts sufficient to correct the noted defects in their pleadings on or before March 27, 2014. Defendants shall file their responsive pleadings with respect to plaintiffs' amended complaint on or before April 10, 2014.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated March 12, 2014